SUMMONS ISSUED

FILED
CLERK

2011 MAR 14  AM 8: 30

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

XUE & ASSOCIATES, P.C.
Benjamin B. Xue
401 Broadway, Suite 1009
New York, NY 10013
Tel.: 212-219-2275
Fax: 212-219-2276
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHIU, MAN WEI and LIN, DAN FENG, on
behalf of themselves and others similarly situated,

                                Plaintiffs,

        v.

NEW PEKING TASTE INC. d/b/a NEW
PEKING TASTE RESTAURANT,
GEN XU SHU, XIAO MEI WANG, JOHN DOE,
JANE DOE, and ABC CORPORATION,

                                Defendants.

11- 1175

Case No.:

**COMPLAINT AND JURY
DEMAND** GARAUFIS, J.

MANN. M.J.

---

      Plaintiffs, Shiu, Man Wei ("Shiu") and Lin, Dan Feng ("Lin") (collectively

"Plaintiffs") by their undersigned attorneys, bring this action to recover damages arising out

of their employment at New Peking Taste Inc., d/b/a New Peking Taste Restaurant, located at

2343 Richmond Avenue, Staten Island, New York, 10314.

1

## INTRODUCTION

1.     Plaintiffs are former employees of Defendant New Peking Taste Inc. ("New Peking" or "Defendant").

2.     Throughout the course of their employment, Plaintiffs regularly worked more than 67 hours each week for wages that fell below the legal minimum wage and without receiving the overtime premiums required by law.

3.     Defendants also failed to pay Plaintiffs the spread of hours for each day that they worked ten or more hours.

4.     New Peking and its owners have decided it was more important to line their own pockets than abide by federal and state wage and hour laws.  New Peking has continuously taken advantage of Plaintiffs' loyalty to the restaurant.

5.     As stated herein, Plaintiffs state claims for Defendants' failure to pay minimum wage, overtime, and spread of hours in violation of the Fair Labor Standards Act and the New York Labor Law.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"), 29 U.S.C. §216(b) and 28 U.S.C. §1331.

7.     This court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367(a).

8.     Venue is proper in this District pursuant to 2 U.S.C. §1391(b) because a substantial part of events or omissions giving rise to the claims occurred in this District.

2

## PARTIES

### Plaintiffs

9.      Plaintiff Shiu was employed as a delivery worker at New Peking from approximately August 2010 through January 2011.

10.      Plaintiff Lin was employed as a cashier at New Peking from approximately May 2010 through January 2011.

### Defendants

11.      Upon information and belief, New Peking Taste Inc. is a corporation organized and existing under the laws of the State of New York.

12.      Upon information and belief, at all times relevant to this action, New Peking Taste Inc. conducted business under the trade name "New Peking Taste Restaurant".

13.      Upon information and belief, at all times relevant to this action, New Peking Taste Inc. owned and operated the New Peking Taste Restaurant.

14.      Upon information and belief, Gen Xu Shu ("Shu") is the President of New Peking.  He is sued individually in his capacity as an employer.

15.      Upon information and belief, at all times relevant to this action, Defendant Shu had the power to hire and fire Plaintiffs who worked for New Peking, control their terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiffs.

16.      Upon information and belief, Xiao Mei Wang ("Wang") is a Manager and shareholder of New Peking.  She is sued individually in her capacity as an employer.

17.      Upon information and belief, at all times relevant to this action, Defendant Wang had the power to hire and fire Plaintiffs who worked for New Peking, control their

3

terms and conditions of employment, maintain employment records and determine the rate and method of any compensation provided to Plaintiffs.

18.     John Doe and Jane Doe are Managers of New Peking and acted as Managers to Plaintiffs during the time relevant to this action.

19.     John Doe and Jane Doe are fictitious names for individuals who may have operated as employers of Plaintiffs during the time period relevant to this action.

20.     ABC Corporation, and it successors or assigns, is a fictitious name for a business entity that may have operated as employer of Plaintiffs during the time period relevant to this action, or ABC Corporation may be the successors or assigns of New Peking.

21.     Upon information and belief, at all times relevant to the allegations in the Complaint, New Peking has been an enterprise engaged in interstate commerce within the meaning of the Fair Labor Standards Act in that it (i) has had employees engaged in commerce or in the production of goods for commerce and handling, selling or otherwise on goods or materials that have been moved in or produced for commerce by any person; and (ii) has had an annual gross volume of sales of not less than $500,000.

## STATEMENT OF FACTS

22.     Defendants New Peking, Gen Xue Shu, Xiao Mei Wang, John Doe, Jane Doe, and ABC Corporation own and operate the New Peking Taste Restaurant, located at 2343 Richmond Avenue, Staten Island, New York 10314.

23.     Upon information and belief, Defendants operate four restaurants in Staten Island, New York under the name New Peking Taste Restaurant or Peking Taste Restaurant.

24.     Upon information and belief, the other New Peking Taste Restuarants are located at 3279 Richmond Avenue, Staten Island, New York, 10312; 262 Arden Avenue,

Suite B, Staten Island, New York 10312; and 150 Greaves Lane, Staten Island, New York 10308.

25.    Upon information and belief, Defendants have instituted the same illegal pay practices in violation of the FLSA and NYLL at the other New Peking Taste Restaurants.

26.    New Peking serves food to customers on the premises and provides take-out and delivery service.

27.    New Peking is a "restaurant" within the meaning of the New York Labor Law.

28.    Plaintiffs were employed at New Peking within the past year.

29.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law.  29 U.S.C. § 203(d); N.Y. Lab. Law § § 2(6); 190(3); 651(6).

30.    At all times relevant to this action, Plaintiffs have been employed at New Peking and were Defendants' employees within the meaning of the FLSA and New York Labor Law.  29 U.S.C. § 203(e); N.Y. Lab. Law § 651(6).

31.    Plaintiff Shiu held the position of Delivery Worker while employed by Defendants.  Plaintiff Shiu's primary task was to deliver food from the restaurant to customers.

32.    Plaintiff Lin held the position of a Cashier while employed by Defendants. Plaintiff Lin's primary tasks were to operate the cash register, answer the phones, pack delivery food, clean the restaurant, and perform sidework.

## Minimum Wage

33.     Both FLSA and New York State Labor Law require that employees be paid a minimum wage. 29 U.S.C. § 206; N.Y. Lab. Law § 652.

34.     Plaintiffs regularly worked six days a week and as many as 67 hours each week during most or all of their employment.

35.     Plaintiff Shiu received wages of approximately $270 per week from Defendants.

36.     Plaintiff Lin received wages of approximately $350 per week from Defendants.

37.     Defendants did not notify Plaintiffs of the minimum wage provisions of the FLSA.

38.     Defendants did not notify Plaintiffs of the FLSA tip credit provisions. Defendants did not notify Plaintiff Shiu of Defendants' intention to claim a tip credit against his minimum wage obligations.  Therefore, Defendants were not legally entitled to claim a tip credit under the FLSA in order to meet their minimum wage obligations to Plaintiff Shiu.

39.     The monthly salary paid by Defendants to Plaintiffs was insufficient to satisfy Defendants' obligation to pay the minimum wage required by the Fair Labor Standards Act. The salary effectively resulted in an hourly wage that was below $7.25 per hour.

40.     The monthly salary paid by Defendants to Plaintiffs was insufficient to satisfy Defendants' obligation to pay the minimum wage as required by the New York Labor law.

## Overtime

41.     The FLSA and New York Labor Law require that Defendants pay an overtime rate of one-and-half times the regular rate of pay for each hour of work over forty hours in a week. 29 U.S.C. § 207; 12 N.Y.C.R.R. § 137-1.3.

42.     Plaintiffs regularly worked approximately 67 hours each week during most or all of their employment.

43.     Despite the fact that Plaintiffs regularly worked in excess of forty hours a week, Defendants failed to pay Plaintiffs overtime compensation as required by both the FLSA and the New York Labor Law.

## Spread of Hours

44.     The "spread of hours" is the number of hours from the time that an employee started working on a particular day until the time that he or she stopped working for the day. 12 N.Y.C.R.R. § 137-3.11. New York State Department of Labor Regulation § 137-1.7 provides that an employer is required to pay an employee an extra hour of pay at the full minimum wage, without allowances, for each day in which the employee's spread of hours exceeds ten. Id. at § 137-1.7.

45.     Plaintiffs routinely worked a "spread of hours" greater than ten hours per day.

46.     Despite the fact that Plaintiffs routinely worked a "spread of hours" greater than ten hours per day, Defendants did not pay Plaintiffs any additional compensation as required by New York State regulations.

## Failure to Post the Notices Required By Law

47.     The FLSA requires employers to inform employees of the FLSA's wage provisions, including the manner in which the wage for a tipped employee is determined. 29 U.S.C. § 203(m). The FLSA and New York Labor Law also require an employer to maintain in the workplace a display containing notices of employee's right to receive the minimum wage and overtime rate of one-and-half times their regular rate. 29 C.F.R. § 516.4; 12 N.Y.C.R.R. § 137-2.3.

48.     During the time that Plaintiffs were employed by Defendants, Defendants did not maintain in the workplace a display containing notice of employees' right to receive the minimum wage and overtime payment at a rate of one-and –half times their regular rate.

49.     Additionally, Defendants failed to display a copy of §§193 and 196-d of New York Labor Law regarding the prohibition on illegal deduction from wages and the illegality of employers demanding or accepting any portion of employees' tips in violation of New York Labor Law. N.Y. Lab. Law §198-d.

50.     Finally, Defendants failed to keep full and accurate records of Plaintiffs' hours and wages in violation of the FLSA and New York Labor Law.  29 U.S.C. §211(c); N.Y. Lab. Law § 661.

### Knowing and intentional Acts

51.     Defendants knowingly, intentionally and willfully committed the acts alleged herein.

52.     Defendants knew that the nonpayment of minimum wage, overtime pay and spread of hours pay would financially injure Plaintiffs.

### CAUSES OF ACTION

### COUNT 1

### Claim For Minimum Wages Under The Fair Labor Standards Act

53.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

54.     At all times relevant to this action, Defendants were Plaintiffs' employer within the meaning of 29 U.S.C. § 203(d).

55.     At all times relevant to this action, Defendants were employers engaged in

commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

56.     Defendants willfully failed to compensate Plaintiffs the applicable minimum hourly wage, in violation of 29 U.S.C. §206(a).

57.     Defendants' violation of the FLSA, as described in this Compliant, has been willful and intentional.

58.     Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 2

### Claim For Minimum Wages Under New York Labor Law

59.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

60.     At all times relevant to this action, Defendants were employers within the meaning of New York Labor Law §§ 2(6), 190(3), and 651(6).

61.     Defendants willfully failed to record, credit, or compensate Plaintiffs the applicable minimum hourly wage, in violation of the New York Minimum Wage, Act, specifically New York Labor Law § 652 and applicable regulations.

62.     Defendants also willfully required Plaintiffs to pay expenses incurred while carrying out duties assigned by Defendants, in violation of 12 N.Y.C.R.R. § 137-2.5.  The expenses paid by Plaintiffs further reduced the hourly wages that they were paid.

63.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid minimum wages and an amount equal to one quarter of their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and prejudgment interest, all in an amount to be determined at trial.

## COUNT 3

### Claim For Overtime Wages Under The Fair Labor Standards Act

64.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

65.     At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

66.     At all times relevant to this action, Defendants were employers engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

67.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty per week at a wage rate of one-and-half times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C. § 207(a)(1).

68.     Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, pursuant to the FLSA, specifically 29 U.S.C. § 216(b), all in an amount to be determined at trial.

## COUNT 4

### Claim For Overtime Wages Under New York Labor Law

69.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

70.     At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

71.     Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one-and-half times their regular rate of pay or, at a minimum, the minimum wage to which Plaintiffs were entitled to receive under New York Labor Law § 652, in violation of 12 N.Y.C.R.R § 137-1.3.

72.     Due to Defendants' violations of New York Labor Law, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to one quarter of his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## COUNT 5

### Claim For Spread of Hours Payment Under New York Law

73.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs as if fully set forth herein.

74.     Under New York law, an employee is entitled to an extra hour of wages for any day when the employee's "spread of hours" exceeds 10 hours. 12 N.Y.C.R.R. § 137-1.7. "Spread of hours" is defined as the "the interval between the beginning and end of the workday." 12 N.Y.C.R.R. § 137-3.11.

75.    Defendants regularly required Plaintiffs to work in excess of 10 hours a day during the term of Plaintiffs' employment. Defendants had full knowledge that they were requiring Plaintiffs to work above and beyond 10 hours a day.

76.    Defendants did not provide the required additional compensation for any days during which Plaintiffs' spread of hours exceeded 10 hours.

77.    Accordingly, Plaintiffs are entitled to recover from Defendants, jointly and severally, all spread of hours payment in the form of one hour of additional pay at the minimum wage rate for each day in which a Plaintiffs had a spread of hours in excess of 10 hours, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment interest, all in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained of herein to be in violation of Plaintiffs' rights under the FLSA, New York Minimum Wage Act, and New York Labor Law and its regulations;

b.    Awarding Plaintiffs unpaid minimum wages due under the FLSA, the New York Minimum Wage Act, the New York Labor Law and its regulations;

c.    Awarding Plaintiffs unpaid overtime wages due under the FLSA and the New York Labor Law and its regulations;

d.    Awarding Plaintiffs additional pay for all spread of hours violations;

e.    Awarding Plaintiffs liquidated damages;

f.    Awarding Plaintiffs pre-judgment and post-judgment interest;

g.    Awarding Plaintiffs the costs of this action, together with reasonable attorneys' fees; and

h.     Awarding such other and further relief as this Court deems necessary and

proper.


Dated: March 11, 2011
       New York, New York


                                    XUE & ASSOCIATES, P.C.
                                    *Attorneys for Plaintiffs*

                        By: _____
                                    Benjamin B. Xue
                                    401 Broadway, Suite 1009
                                    New York, NY 10013
                                    Tel.: 212-219-2275
                                    Fax: 212-219-2276
                                    *Attorneys for Plaintiffs*