UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SHIU, MAN WEI, AND LIN, DAN FENG, on
behalf of themselves and others similarly situated,   **MEMORANDUM & ORDER**

                Plaintiffs,   **11-CV-1175 (NGG) (RLM)**

      -against-

NEW PEKING TASTE INC., d/b/a NEW PEKING
TASTE RESTAURANT, GEN XU SHU, XIAO
MEI WANG, JOHN DOE, JANE DOE, and ABC
CORPORATION,

                Defendants.
-------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs filed this putative class action in March 2011, alleging numerous violations of federal and state employment law arising from their employment at Defendant New Peking Taste Restaurant. (See Compl. (Dkt. 1).) After a series of unproductive conferences with the court and with Magistrate Judge Roanne L. Mann, Plaintiffs moved for attachment and an award of attorneys' fees. (See Mot. for Attach. (Dkt. 31); Mot. for Fees (Dkt. 41).) The court referred both motions to Judge Mann for a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b). (See July 3, 2012, Order (Dkt. 47).) On March 14, 2013, Judge Mann issued an R&R recommending that the court: (1) grant, in substantial part, Plaintiffs' motion for attorney's fees; (2) refer certain attorneys who have appeared on Defendants' behalf to the appropriate disciplinary committees; and (3) deny Plaintiffs' motion for attachment. (See R&R (Dkt. 56).) For the reasons explained below, Judge Mann's recommendation is ADOPTED IN PART AND MODIFIED IN PART.

## I. BACKGROUND

The factual background underlying Plaintiffs' motions is set forth in meticulous detail in Judge Mann's R&R. (See id. at 2-11.) The pertinent facts for this Memorandum & Order are as follows.

### A. Overview of Relevant Proceedings

Defendants have been represented by several different attorneys. The first attorney to enter an appearance for Defendants was Andrew Bersin, who appeared in the case in April 2011, shortly after the Complaint was filed. (See Not. of Appearance (Dkt. 7).) Bersin filed an appearance as an attorney employed by the "Law Office of Andrew Bersin." (Id.) In August 2011, Lydia Celis made a motion to substitute herself as Defendants' attorney, explaining that Bersin had a family emergency. (Mot. to Substitute Attorney (Dkt. 18).) She filed an appearance as an attorney in the firm of Jung & Associates. (Id.)

On November 21, 2011, the parties filed a "consent to substitute attorney" indicating substitution of the law firm of Neiman & Wang Associates P.C. by and through its attorney Mark Weissman in place of Jung & Associates by and through Celis. (Consent to Substitute Attorney (Dkt. 23).) However, the court ordered that Weissman provide proof that he was admitted in this district (Dec. 7, 2011, Order re Mot. to Substitute Attorney), and because he failed to do so, the court eventually denied his motion to be substituted as attorney (Dec. 15, 2011, Order Denying Mot. to Substitute Attorney). The court admonished that Celis was obligated to continue to represent Defendants until she was relieved by the court. (Id.)

In February 2012, Plaintiffs moved to strike Defendants' Answer based on their failure to respond to any discovery requests, and for attachment based on Defendants' possible efforts to transfer their interest in the restaurant with the intent to defraud Plaintiffs and otherwise frustrate

2

Plaintiffs' potential judgment. (See Dkts. 31-34; May 7, 2012, Order.) Before the pre-motion conference, David Lira filed a notice of appearance on behalf of Defendants. (See Not. of Appearance (Dkt. 35).) The court ordered that the Notice of Appearances was inadequate, and that Defendants were required to file a motion for substitution of counsel in order to effect any change in counsel. (May 16, 2012, Order.)

After the counsel of record—Celis—did not appear at the scheduled pre-motion conference, the court adjourned the conference and ordered Celis to appear, along with a principal from the law firm of Neiman & Wang. (May 16, 2012, Minute Entry.) Celis appeared the next day, but the law firm sent a paralegal. (May 17, 2012, Minute Entry.) At the conference, the court concluded that "[n]o one could explain Neiman Wang's involvement in the case" (id.) and ordered that Neiman must "pay attorney's fees for the plaintiff[s'] attorney showing up on a number of different occasions where Mr. Neiman didn't show up" (see May 17, 2012, Hr'g Tr. (Dkt. 49) at 17). The court also concluded that "[i]t remains unknown whether Ms. Celis was the source of various submissions filed under her name over the last six months" and ordered Celis to appear on May 21, 2012, with a principal from Jung & Associates. (May 17, 2012, Minute Entry.)

On May 21, 2012, Celis, Neiman, and Lira appeared before the court, along with Yoo Jung, appearing as a principal from Jung & Associates. (May 21, 2012, Minute Entry.) The court directed that counsel file a proper motion for Lira to be substituted as counsel, but that releasing the other attorneys from the case did not foreclose the possibility of sanctions against them. (See May 21, 2012, Hr'g Tr. (Dkt. 50) at 12 (explaining that Plaintiffs "have every right to seek attorneys' fees").) On May 24, 2012, the court entered an order relieving Celis from the case. (May 24, 2012, Order.)

3

Yoo Jung has never entered a notice of appearance on the docket in this case and is not admitted in this district. (See Jung Aff. in Response to Order to Show Cause (Dkt. 54-1) ¶ 2; Jung Aff. in Supp. of Obj. (Dkt. 57-1) ¶ 3.) She explains that her role is as follows:

> Defendants . . . came to me to represent them in this action. Because I was not admitted to the bar of this Court, I could not appear on their behalf in this action. Instead, I found [Celis], who had advised me that she was a member of this Court's bar, and asked her to act as Jung & Associates' co-counsel in this matter. My role in this case was to provide Celis with such assistance (including paralegal assistance) as she required.

(Jung Aff. in Supp. of Obj. ¶ 3.)

### B. Procedural History

On June 15, 2012, Plaintiffs made a motion for attorney's fees, asking that Defendants, Neiman, Wang & Associates, Jung & Associates, and Lira be required to pay attorney's fees totaling $6,600.00 arising from Plaintiffs' appearances at the May 2012 conference with the court. (See Mem. in Supp. of Mot. for Fees (Dkt. 42).) Defendants opposed this motion. (See Def. Opp'n to Mot. for Fees (Dkt. 46).) On July 3, 2012, the court referred Plaintiffs' motion for attachment and motion for attorney's fees to Judge Mann for an R&R. (July 3, 2012, Order.)

On February 26, 2013, Judge Mann issued an Order to Show Cause why Lydia Celis, Yoo Jung, and Jeffrey Neiman and their respective law firms should not be referred to the appropriate disciplinary committees as a result of their conduct in this matter. (See Order to Show Cause (Dkt. 52).) Judge Mann found that "Plaintiffs' motion raises serious questions about the manner in which defense counsel conducted themselves in this matter," and directed the individual attorneys to show cause why they and their respective law firms should not be referred to the appropriate disciplinary proceedings as a result of said conduct. (Id.) Jung responded, on behalf of herself and Jung & Associates, opposing referral to a disciplinary committee. (See Resp. to Order to Show Cause (Dkt. 54).)

Judge Mann issued her R&R on March 14, 2013, recommending that the court: (1) grant, in substantial part, Plaintiffs' motion for attorney's fees; (2) refer certain attorneys who have appeared on Defendants' behalf to the appropriate disciplinary committees; and (3) deny Plaintiffs' motion for attachment. (R&R.) She ordered that objections to the R&R were due by April 1, 2013. (Id. at 29.) On April 1, Yoo Jung objected on behalf of herself and Jung & Associates. (Obj. to R&R (Dkt. 57).) In her objection, Jung argues that she and the firm should not be jointly and severally liable for the attorneys' fees, nor should she be referred to an attorney disciplinary committee. (Id.) None of the other individuals objected to the R&R, and the time to do so has passed.

## II. DISCUSSION

### A. Standard

When a district court receives timely objections to a magistrate judge's R&R, the court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the [R&R]."). Portions of the R&R to which a party makes no objection are reviewed for clear error. U.S. Flour Corp. v. Certified Bakery, Inc., No. 10-CV-2522 (JS) (WDW), 2012 WL 728227, at *2 (E.D.N.Y. Mar. 6, 2012).

### B. Analysis

#### 1. Motion for Attorneys' Fees

In recommending that the court grant Plaintiffs' motion for attorneys' fees, Judge Mann relied on the court's statement at the May 17, 2012, conference that Defendants' attorneys would

5

have to pay for Plaintiffs' legal fees in connection with the unnecessary trips to the courthouse for the unproductive conferences. (See R&R at 12-13 (citing May 17, 2012, Hr'g Tr. at 11:5-17).) Judge Mann also found that the attorneys' fees were a proper sanction under Federal Rule of Civil Procedure 16(f), which authorizes the court to impose sanctions based on an attorney's failure to appear at a conference with the court or failure to be substantially prepared and participate. (Id. (citing Fed. R. Civ. P. 16(f)).)

Jung objected to the portion of Judge Mann's R&R recommending that she and her law firm be liable for the attorneys' fees, but not the portions concluding that sanctions are warranted and analyzing the amount of fees to which Plaintiffs are owed. (See Obj. at 4-6.) Finding no clear error in Judge Mann's determination that sanctions were warranted and her calculation of fees, the court adopts it in full, and reviews de novo only Judge Mann's determination that Jung and Jung & Associates should be jointly and severally liable with the other parties for the sanction of fees.

In her objection, Jung argues that she and her law firm should not be liable for the fees awarded because "all delays in this action were not caused by Ms. Yoo Jung or by Jung & Associates." (Obj. at 4.) According to her, the delays "occurred after defendants retained new counsel, when the new counsel sought to substitute in as counsel." (Id.) Judge Mann's award of fees, however, is calculated based on Plaintiffs' counsel's attendance at the December 6, 2011, May 16, 2012, May 17, 2012, and May 21, 2012, conferences. (See R&R at 17-18.) During this time, Celis was counsel of record for the Defendants (see May 24, 2012, Order (relieving Celis from the case)), and Celis was "act[ing] as Jung & Associates' co-counsel in this matter" (Jung Aff. in Supp. of Obj. ¶ 3). Jung argues that Celis' actions are not related to Jung & Associates,

6

however, because "Celis represented to this court that she was an associate of Jung & Associates. That is not the case. She received no salary or benefits from Jung & Associates." (Id. ¶ 4.)

Nevertheless, the court finds that sanctions against the firm are appropriate. Defendants first approached Jung to represent them, but because Jung was not admitted in this district, she approached Celis to enter an appearance in this case. (Id. ¶ 3.) Celis entered an appearance identifying Jung & Associates as the firm of record. After approaching Celis to take on a case for the firm and sharing the fees from the case with her, the firm cannot now disclaim Celis' actions simply because she was not on their permanent payroll. What is more, the court's concern about Defendants' representation involved questions about the firm itself, Celis's affiliation with the firm, the firm's involvement in other filings submitted under Celis's name, and the firm's failure to send adequate counsel to conferences with the court. (See May 16, 2012, Minute Entry; May 17, 2012, Minute Entry; May 21, 2012, Minute Entry.) Therefore, Judge Mann's conclusion that Jung & Associates should be liable for the sanction is correct.

Jung also objects to her own individual liability for the sanctions, and points out that she is not admitted in this district, nor did she enter an appearance in this case. (See Jung Obj. at 5-6.) Plaintiffs did not request sanctions against Jung personally, but only against Jung & Associates. (See Mot. for Fees at 6.) What is more, Jung is already liable to the extent of her financial interest in Jung & Associates. For these reasons, the court finds that sanctions against the firm are sufficient and concludes that Jung should not be personally liable for the sanctions. Judge Mann's R&R is thus modified accordingly.

### 2. Referral to Disciplinary Committees

Judge Mann recommends that the court refer Celis, Jung, and Neiman, along with their respective law firms, to the appropriate attorney disciplinary committees. (See R&R at 19-21.)

7

Celis and Neiman have not filed any objections to this recommendation, and the time to do so has passed. Thus, the court reviews Judge Mann's recommendation as to Celis and Neiman for clear error. U.S. Flour Corp., 2012 WL 728227, at *2. Finding none, the court adopts Judge Mann's recommendation that they be referred to the Disciplinary Committee of this District.

In determining that Jung be referred to the relevant disciplinary committee, Judge Mann relied on: (1) contradictory statements in Jung's submissions to the court; (2) her refusal to take any responsibility for the delays in this case; (3) the "irrelevant and inflammatory comments" Jung made in an affidavit about Plaintiffs' counsel and his alleged connection with the Chinese Communist Party; and (4) evidence that Jung is lying about Neiman Wang's employment at Jung & Associates, and perhaps entering appearances in other cases in this district even though she is not admitted here. (R&R at 19-21.)

Jung objected that she should not be referred to this district's disciplinary committee because she was not responsible for the delays in this case, and is not admitted in this district. (See Obj. at 5-7.) With respect to the allegations against Plaintiffs' counsel, she "request[s] that the Court do[es] not blemish the reputation of a young lawyer by referring her for discipline for a lapse in judgment." (Id. at 5 n.6.) Local Civil Rule 1.5 Governing Discipline of Attorneys provides that in addition to imposing discipline on any member of the bar of this Court for a variety of reasons, the Disciplinary Committee of this District may impose discipline when "in connection with activities in this Court, *any attorney* is found to have engaged in conduct violative of the New York State Rules of Professional Conduct." Local Civ. R. 1.5 (emphasis added).

The court has reviewed Jung's submissions in this case and finds her contradictory contentions and inflammatory comments extremely disturbing. Because, however, she is not

8

admitted in this district and she has not entered an appearance in this case, the court will not refer her to the Disciplinary Committee of this District. Rather, the court advises Jung that any further misconduct on her part before this court will not be tolerated. Judge Mann's R&R is modified to reflect that Jung has been admonished for her behavior in this case but will not be referred to the Disciplinary Committee at this juncture.

        3.      Motion for Attachment

No objections have been filed to Judge Mann's recommendation that Plaintiff's motion for attachment be denied, and the time to do so has passed. The court finds no clear error in Judge Mann's determinations and adopts this portion of her R&R. Plaintiffs' motion for attachment is thus denied.

### III. CONCLUSION

For the reasons explained above, Judge Mann's R&R is ADOPTED IN PART AND MODIFIED IN PART. Jung & Associates, Celis, and Neiman are jointly and severally liable for a sanction of $5,215 in attorney's fees, to be awarded to Plaintiffs. Celis and Neiman shall be referred to the Disciplinary Committee of this District. Plaintiffs' motion for attachment is denied.

SO ORDERED.

                                                                                              ngg

Dated: Brooklyn, New York                      /s/ Nicholas G. Garaufis<br>
       May __, 2013                                            NICHOLAS G. GARAUFIS<br>
                                                                    United States District Judge